# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2012

No. 12-50184
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GOROSTIETA, also known as Jorge Reyes-Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1099-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:*

Jose Gorostieta appeals the 68-month within-guidelines sentence he received following his guilty plea to illegal reentry into the United States after deportation. Gorostieta argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the district court did not consider his benign motives for illegally reentering the country or other mitigating circumstances, such as the fact that he needed to take care of his wife and seven children or the fact that he committed a prior

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary of a habitation offense merely to provide Christmas gifts for his children.  He further argues that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  First, we consider whether the district court committed a significant procedural error.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion.  *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009).

When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3553(a).  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The record reflects that the district court considered the relevant § 3553(a) factors as well as Gorostieta's arguments for mitigating his sentence but explicitly overruled his arguments and concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  Accordingly, we decline Gorostieta's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Furthermore, as he concedes, Gorostieta's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67 n.7.  His sentence, which is near the top of the guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008).  His general disagreement with the propriety of his sentence and the district court's

No. 12-50184

weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

Gorostieta has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines 68-month prison term. *See Gall*, 552 U.S. at 51; *Delgado-Martinez*, 564 F.3d at 753. Accordingly, the judgment of the district court is AFFIRMED.